(Pleito No. 100.—Fallado el 23 de Noviembre de 1900.)

## Franco contra Gutman.

Competencia promovida por las Cortes de Humacao y de San Juan.

Jurisdicción. Cuando no se fija en una obligación donde deba realizarse el pago de una deuda ni el lugar donde existe el dinero en el momento de constituirse dicha obligación, la demanda en juicio debe promoverse en el lugar del domicilio del deudor.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y tres de Noviembre de mil novecientos, en la cuestión de competencia sostenida entre los Juzgados de 1.ª Instancia de San Francisco y Humacao, y por extinción de dichos Juzgados entre los Tribunales de Distrito de San Juan y Humacao, para conocer del juicio declarativo de mayor cuantía promovido ante el primero de aquéllos por Don José Franco Zuazo, en representación de sus hijas menores contra Doña

Manuela Gutman, viuda de Bustelo, sobre cumplimiento
de una obligación.—Resultando: Que ante el suprimido
Juzgado de 1ª Instancia de San Francisco de esta Capital
promovió el Procurador Don Tomás Caballero, bajo la
dirección del Letrado Don Juan Morera Martínez, á nombre
y con poder de Don José Franco Zuazo, empleado, mayor de
edad y vecino de San Juan, como representante de sus
menores hijas Doña María del Rosario y Doña María de
la Soledad, juicio declarativo de mayor cuantía contra Doña
Manuela Gutman, viuda de Bustelo, fundándola en los
hechos siguientes: 1º La Sra. Doña Manuela Gutman
de Bustelo, presentó en los salones de la Exposición, con
motivo del 4º Centenario del descubrimiento de Puerto
Rico, una vitrina que contenía entre otras cosas trabajos
hechos de una hierba conocida en el país con el nombre
de "trompetilla", ofreciendo por medio de una tarjeta
en dicha vitrina colocada y por anuncios en los periódicos
publicados, dar quinientos pesos á la persona que presentara
trabajos semejantes á los por ella trabajados y manufacturados
con la hierva expresada.—2º Que las hijas de su representado,
Doña Rosario y Doña María de la Soledad, observaron y
estudiaron los trabajos de "trompetilla" expuestos, ensayaron,
discurriendo con ímprobo trabajo la forma y modo de
verificar aquéllos, presentando al mes, poco más ó menos,
una vitrina, en la cual entre otras cosas, presentaban trabajos
hechos de "trompetilla" y una tarjeta que decía: "Trabajo
de "trompetilla" presentado para obtar al premio ofrecido
por la Sra. Gutman, viuda de Bustelo."—3º Las Srtas.
Franco, antes expresadas, obtuvieron del Jurado medalla
de bronce en recompensa del mérito de los trabajos de
"trompetilla" exhibidos, obteniendo igual medalla la Sra.
Gutman de Bustelo, habiéndose reformado por la Junta
General de Jurados el laudo, concediendo medalla de plata á
ésta, y dejando subsistente la de bronce á las Srtas. Franco.—
4º Que de esos hechos se deduce que la Sra. Gutman
ofreció un premio de quinientos pesos al que presentara

trabajos de "trompetilla" semejantes á los por ella exhibidos y habiéndolos exhibido las Srtas. Franco, y merecido medalla de bronce, es evidente que debe la Sra. Gutman entregarles los quinientos pesos que ofreciera, dado que las Srtas. Franco descubrieron el secreto que ella poseía, mereciendo premio por los trabajos exhibidos y la Sra. Gutman no puso por condición que los trabajos fueran iguales ni superiores á los suyos sino semejantes.—5º Que se suprimía el acto conciliatorio por no residir la Sra. Gutman en la Capital sino en Humacao, y citando diversos fundamentos de derecho entre los que son pertinentes al objeto de esta competencia los artículos 1,089 del Código Civil, 62 de la Ley de Enjuiciamiento Civil y las sentencias del Tribunal Supremo de España, de doce de Septiembre de mil ochocientos noventa y seis, nueve de Septiembre de mil ochocientos sesenta y dos, tres de Marzo de mil ochocientos ochenta y cinco y nueve de Junio de mil ochocientos ochenta y siete, terminó solicitando se condenase á cumplir la obligación contraída y oferta hecha de entregar á las Srtas. Franco los quinientos pesos que como premio "anunció", con las costas.—Resultando: Que en trece de Diciembre de mil ochocientos noventa y cuatro fué citada y emplazada en su domicilio, en Humacao, la Sra. Gutman de Bustelo, y no habiendo comparecido, le fué acusada la rebeldía y se la declaró rebelde en veinte y nueve de Enero siguiente, y promovida prueba por el demandante fué una de ellas la de que la demandada evacuara ciertas posiciones, las que evacuó ante el Juez de 1ª. Instancia de Humacao (á quien se libró el oportuno exhorto) en veinte y ocho de Febrero del mismo año, dictando el Juez de San Francisco sentencia definitiva en veinte y nueve de Marzo siguiente, cuyo contenido no es pertinente al objeto de esta competencia.—Resultando: Que en catorce de Diciembre de mil ochocientos noventa y cuatro acudió Doña Manuela Gutman, viuda de Bustelo, al Juez de 1ª Instancia de Humacao, con escrito manifestando que el día anterior había sido citada y emplazada para comparecer ante el Juez de

San Francisco de la Capital para contestar la demanda de Franco; y que no queriendo someterse á Juez incompetente por entender que sólo lo era para conocer de la demanda el del domicilio del demandado, promovía la cuestión de competencia utilizando la inhibitoria, y citando la regla 1ª del artículo 73 de la Ley de Enjuiciamiento Civil como fundamento de derecho. — Resultando: Que el Juez de Humacao, contra la opinión del Ministerio Fiscal, dictó auto en cuatro de Enero siguiente, declarando no haber lugar á requerir de inhibición al de San Francisco, de la Capital, é interpuesta apelación por la Sra. Gutman, la Audiencia del territorio revocó aquel auto, mandando que el Juzgado librase oficio inhibitorio al de San Francisco, lo que verificó el Juez de Humacao en tres de Julio de mil ochocientos noventa y cinco recibiendo el oficio el Juez de San Francisco en tres de Agosto del mismo año, cuando ya se estaban practicando diligencias para cumplir la sentencia dictada.— Resultando: Que conferido traslado de la pretensión del Juez requirente á la representación del demandante, expuso que se oponía á ella porque no podían proponerse cuestiones de competencia en los asuntos terminados, según el artículo 76 de la Ley de Enjuiciamiento Civil; que terminado el pleito por sentencia ya consentida, no había objeto alguno en sostener la cuestión de competencia; que la demandada evacuó sin protesta alguna las posiciones y con ello se sometió expresamente al Juez del pleito; que hecha la oferta del premio en la Capital en ella debía cumplirse la obligación de pagarla, y que eran de aplicación el artículo 62 de la Ley de Enjuiciamiento Civil y varias sentencias del Tribunal Supremo que citaba; y el Ministerio Fiscal, fundándose en que á la Sra. Bustelo le había sido notificada personalmente la sentencia en que había evacuado posiciones en el pleito y en que la sentencia estaba consentida y además había transcurrido más de tres meses de su fecha, y en que el artículo 76 de la Ley de Enjuiciamiento Civil prohibe que se promuevan cuestiones de

competencia en asuntos terminados, se opuso á la inhibición pretendida, acordándolo así el Juez de San Francisco por auto de veinte y uno de Septiembre de mil ochocientos noventa y cinco.—Resultando: Que recibido por el Juez de Humacao el oficio denegatorio del de San Francisco, dictó auto desistiendo de la inhibición propuesta fundándose en que la demandada había consentido la sentencia desde que, notificada de ella personalmente, no había recurrido al Tribunal Superior estableciendo recurso contra ella, y en que habiéndose consentido la sentencia por la demandada, se había sometido tácitamente á la jurisdicción del Juez que la dictó; y apelado aquel auto, la Audiencia del territorio dictó otro en diez y siete de Noviembre de mil ochocientos noventa y seis, revocándolo y mandando al Juez de Humacao que insistiese en la inhibitoria, fundándose en que la inhibición se pidió al ser citada y emplazada la demandada; en que aunque el oficio se recibiera después de dictada sentencia, no podía tener aplicación el artículo 76 de la Ley de Enjuiciamiento Civil, porque no son imputables á las partes las dilaciones necesarias de los procedimientos, y en que la demandada se limitó á oir la notificación de la sentencia, cuya diligencia no promovió ni podía evitar, por lo que no puede decirse que se sometiera tácitamente, lo que más bien podía entenderse si hubiese apelado del fallo.—Resultando: Que recibido en trece de Septiembre del año actual por el Tribunal de Distrito de Humacao, que ha venido á sustituir al Juzgado de 1ª Instancia de aquella Ciudad, por la Orden General número 118, el auto de la Audiencia, acordó en la misma fecha insistir en la inhibición, y fueron remitidas á este Tribunal Supremo las actuaciones de ambos Juzgados para la decisión del conflicto jurisdiccional.—Resultando: Que personados ante este Tribunal Supremo los Letrados Don Juan Morera Martínez y Don Rafael Palacios Rodríguez, en nombre respectivamente de Don José Franco Zuazo y Doña Manuela Gutman, viuda de Bustelo, y oído el Ministerio Fiscal, opinó que debía resolverse la competencia en favor del Tribunal

de la Capital, fundándose en que es de aplicación la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, porque el lugar en que debe cumplirse la obligación es esta Capital en razón á que en ella se hizo la oferta, y ésta por la forma en que se hizo, envolvía la obligación de cumplir aquí la obligación, porque envolvía la designación del lugar donde estaba la Exposición, para su cumplimiento y porque en el local de la Exposición fué exhibido lo que daba derecho á las Señoritas Franco para optar al premio, y á falta de convenio expreso, ese mismo lugar debe entenderse como propio para exigir el cumplimiento de las demás obligaciones que el contrato entrañaba.—Resultando : Que en diez y siete del actual se celebró la vista, en la que informaron los Letrados de ambas partes.—Visto : Siendo Ponente el Sr. Juez Asociado Don Rafael Nieto Abellé.—Considerando: Que la sumisión tácita sólo se presume por el hecho de practicar el litigante, después de personados en autos, cualquier gestión que no sea la de proponer en forma la declinatoria, y por el hecho de haber evacuado posiciones Doña Manuela Gutman ante el Juzgado·de Humacao, en virtud de exhorto del de San Francisco, no quedó sometida al Juez del pleito, porque ni se personó en éste, pues no se persona quien solamente obedece un mandato judicial, ni compareció siquiera ante él.— Considerando: Que promovida la inhibitoria al día siguiente de citada y emplazada la demandada para que contestase la demanda, promoción que llevó la accidentada tramitación que queda relatada en los resultandos, no puede perjudicar á la demandada el hecho de que no se recibiese por el Juzgado que conocía del asunto el oficio inhibitorio hasta después de dictada sentencia, por lo que no es de aplicación el artículo 76 de la Ley procesal, ni tampoco puede estimarse como acto de sumisión el de la demandada al notificarse sin protesta de la referida sentencia, ni apelar de ella, pues si hubiese apelado hubiera reconocido competencia en el Juez que la dictó, ya que acudía á su superior para que la reformase.—Considerando : Que desde la publicación del Código Civil vigente

en esta Isla, el cumplimiento de las obligaciones se rige por los artículos 1,157 y siguientes del expresado cuerpo legal.—Considerando: Que no fijándose en la obligación contraída por la demandada el lugar en que debía cumplirse; es decir, donde debiera realizar ella el pago del premio ofrecido, ni constando el lugar donde existiera el premio en el momento de constituirse la obligación, es de aplicación estricta el último párrafo del artículo 1,171 del citado Código, que ordena que en cualquiera otro caso distinto de los dos que acaban de citarse, el lugar del pago será el domicilio del deudor.—Considerando: Que por la razón expuesta es competente para conocer del juicio promovido sobre el cumplimiento de la obligación á que este asunto se refiere, el Tribunal de Distrito de Humacao.—Considerando: Que no existe temeridad por parte de ninguno de los litigantes, por lo que las costas deben declararse en la forma ordinaria.—Fallamos: Que debemos declarar y declaramos que el conocimiento del juicio de menor cuantía promovido por Don José Franco Zuazo contra Doña Manuela Gutman, viuda de Bustelo, sobre cumplimiento de una obligación, corresponde al Tribunal de Distrito de Humacao, al que se remitirán las actuaciones, sin especial condena de costas.—Así por esta nuestra sentencia que se publicará en la *Gaceta* de esta Isla, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Rafael López Landrón.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y tres de Noviembre de mil novecientos.—E. de J. López Gaztambide, *Secretario*.